UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHEDRIC GRAHAM

    Petitioner,

-vs-                                      Case Nos.  5:97-cr-34-Oc-10
                                                                   5:05-cv-137-Oc-10GRJ
UNITED STATES OF AMERICA            5:06-cv-17-Oc-10GRJ

    Respondent.
_____/

## **ORDER DISMISSING PETITION**

This proceeding (Case No. 5:06-cv-17-Oc-10GRJ) consists of a motion filed by the Defendant/Petitioner under 28 USC § 2255 (Doc. 1). The motion was filed on January 13, 2006.

The underlying record reflects (Case No. 5:97-cr-34-Oc-10) that the Defendant was convicted on March 5, 1998 of both conspiracy and substantive offenses involving the distribution of cocaine base (Doc. 76). He was sentenced on June 8, 1998 to a term of 235 months and judgment was entered on that same date (Doc. 87). The judgment was affirmed in the United States Court of Appeals for the Eleventh Circuit on August 2, 1999. Graham v. U.S., 184 F.3d 822 (11th Cir. 1999) (Doc. 103). A petition for certiorari in the Supreme Court of the United States was denied by the High Court on October 4, 1999. Graham v. U.S., 528 U.S. 907, 120 S.Ct. 251 (1999).

Before filing the present petition under 28 USC § 2255 (Case No. 5:06-cv-17-OC-10GRJ), the Defendant/Petitioner has previously filed a petition for a writ of habeas corpus under 28 USC § 2241 (Case No. 5:05-cv-137-Oc-10GRJ (Doc. 1)).

That petition was dismissed by Order entered October 4, 2005 (Doc. 20) and is presently on appeal to the United States Court of Appeals for the Eleventh Circuit.

In both of his petitions - - the one under Section 2241 (Case No. 5:05-cv-137-Oc-10GRJ) and the present motion under Section 2255 (5:06-cv-17-Oc-10GRJ) - - the Petitioner makes the same arguments. Namely, he contends that his sentence violates the principles of U. S. v. Booker, ____ U.S. ____, 125 S.Ct. 738 (2005). Clearly, the present petition is barred by the one year limitation period applicable to proceedings under Section 2255 unless Booker applies retroactively to cases on collateral review; and, despite Defendant/Petitioner's arguments to the contrary, it is the law of this Circuit that Booker is not retroactive. Varela v. U.S., 400 F.3d 864 (11th Cir. 2005).

It follows that the petition for relief under 28 USC § 2255 (Case No. 5:06-cv-17-Oc-10GRJ) is DENIED with prejudice and the Clerk is instructed to enter judgment accordingly.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 21st day of February, 2006.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to:  Shedric Graham, pro se
            Counsel of Record
            Maurya McSheehy